**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-CV-00953-WYD-BNB

MARIKA KURZENBERGER,

      Plaintiff,

v.

THE CITY OF TRINIDAD,
JAMES SOLTIS, Individually and in His Official Capacity,
CHARLES GLORIOSO, Individually and in His Official Capacity,
NICK PLATIAS,
DOUG PACHELLI,
and JOHN MASSAROTTI.

      Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of this Protective Order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case:

**IT IS ORDERED:**

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P.34(a).  A draft or non-identical copy maintained in the regular course of business is a separate document within the meaning of this term.

3.      As used in this Protective Order, "Confidential Information" means any document, file portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note or copy made therefrom - not made available to the public **and entitled to protection from disclosure pursuant to Fed. R. Civ. P. 26(c)(7) or otherwise by law** - and designated by one of the Parties in the manner provided in paragraph 6 & 10 below as containing Confidential Information, including, but not limited to:

a.      The Parties' personnel files;

b.      Internal affairs investigation files; and

c.      Witness statements made by current employees of the City of Trinidad.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") identified in accordance with paragraph 1 & 3 of this Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

a.      attorneys actively working on this case;

b.      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.      the parties;

d.  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e.  the Court and its employees ("Court Personnel");

f.  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.  deponents or witnesses listed in each party's disclosures who are anticipated to testify at trial; and

h.  other persons by written agreement of the parties.

5.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if opposing counsel demonstrates good cause for review.

6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the

deposition whenever possible, but a party may designate appropriate portions of the depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the party designating the information as CONFIDENTIAL fails to file a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

9.      ~~The Court expressly directs that all litigants, their agents, employees, counsel of record, and said counsel's paralegal, clerical and secretarial employees are precluded from producing or providing any copies of any documents or materials subject to this Protective Order to any print, electronic, or news media representatives, employees or agents and are prohibited from disclosing~~

~~any information contained in such documents, with the exception of non-confidential materials, to~~

~~those individuals.~~

10.     In the event it is necessary for the Parties to file Confidential Information with the

Court in connection with any proceeding or motion, the Confidential Information shall be filed in

accordance with the requirements of D.C.Colo.L.Civ.R 7.2, in a sealed envelope, ~~with the following~~

~~statement typed conspicuously thereon:~~

~~CONFIDENTIAL~~

~~THIS DOCUMENT IS FILED UNDER SEAL.  UNLESS OTHERWISE ORDERED BY THE COURT, IT SHALL NOT BE REPRODUCED FOR NOR SHOWN TO PERSONS, OTHER THAN THOSE ENTITLED TO HAVE ACCESS TO SUCH DOCUMENTS UNDER THE PROTECTIVE ORDER ENTERED IN MARIKA KURZENBERGER V. CITY OF TRINIDAD, ET AL, CIVIL ACTION NO. 06-CV-00953-WYD-BNB.~~

11.     Within thirty (30) days after the conclusion of this litigation, unless other arrangements

are agreed upon, each document and copies thereof which have been designated as CONFIDENTIAL

shall be stored in a manner which will preclude others from obtaining such documents and shall be

subject to the terms and provisions of this Protective Order.  Moreover, copies of all deposition

transcripts referring to the CONFIDENTIAL documents shall be sealed by counsel and shall be

subject to the terms and provisions of this Protective Order and shall be subject to the terms and

provisions of this Protective Order.

12.     In the event that the parties to this litigation, their counsel, or any parties who have

consented to be bound to the terms of this Protective Order in any way violate the terms or conditions

of this Protective Order, said individual shall consent to the jurisdiction of the United States District

Court for the District of Colorado for purpose of any contempt proceedings or any action concerning a litigant's right to injunctive relief as a result of such violations.

13.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

14.     It is stipulated that this Protective Order may be signed in counterparts.

Dated September 14, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

The parties, by their respective attorneys of record, agree and stipulate to the entry of this Protective Order.

*/s/ Hollie L. Wieland*

Hollie L. Wieland
SEARS & SWANSON, P.C.
2 N. Cascade Avenue, #1250
Colorado Springs, CO 80903
(719) 471-1984
(719) 577-4356 facsimile
Attorney for Plaintiff Kurzenberger

H. Scott Schiff
Thomas M. Condas
Ritsema & Lyon, PC
111 S. Tejon Street, Suite 700
Colorado Springs, CO 80903
(719) 520-1299
(719) 520-1737 facsimile
*Attorney for Defendant Soltis*

*/s/ Eric Ziporin*

  Eric Ziporin
Senter, Goldfarb & Rice, LLC
400 S. Colorado Blvd.
Suite 700
Denver, CO. 80246
(303) 320-0509
(303) 320-0210 facsimile
*Attorney for Defendant Gloriosio*

*/s/ Cathy Havener Greer*

William T. O'Connell, III
Cathy Havener Greer
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
(303) 830-1212
(303) 830-0898 facsimile
*Attorney for Defendant City of Trinidad*

*/s/ Stephen A. Fermelia*

Light, Harrington & Dawes, P.C.
Steve Dawes
Stephen A. Fermelia
1512 Larimer Street, Suite 300
Denver, CO 80202
(303) 298-1627
(303) 298-1601 facsimile
*Attorney for Defendant Platias*

*/s/ Thomas M. Condas*

7

*/s/ Sara Ludke Cook*

Gordon L. Vaughan
Sara Ludke Cook
Vaughan & DeMuro
111 S. Tejon, Ste. 410
Colorado Springs, CO   80903
(719) 578-5500
(719) 578-5504 facsimile
*Attorney for Defendant Pachelli*

*/s/ Peter H. Doherty*

Peter H. Doherty
Overturf McGath Hull & Doherty, PC
625 East 16th Ave
Suite 100
Denver, CO. 80203
(303) 860-2484
(303) 860-2869 facsimile
*Attorney for Defendant Massarotti*