IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00953-WYD-BNB

MARIKA KURZENBERGER,

    Plaintiff,

v.

THE CITY OF TRINIDAD;
JAMES SOLTIS, Individually and in His Official Capacity;
CHARLES GLORIOSO, Individually and in His Official Capacity;
NICK PLATIAS;
DOUG PACHELLI; and
JOHN MASSAROTTI,

    Defendants.

## ORDER

THIS MATTER is before the Court in connection with Defendant Soltis' Motion to Dismiss Plaintiff's Second Amended Complaint (filed November 2, 2006).  That motion attaches evidence outside the pleadings; namely, a union contract.  By Order dated October 17, 2006, Plaintiff was ordered to file a pleading stating her position as to whether a previous motion to dismiss filed by Soltis that also attached the union contract should be converted to a motion for summary judgment pursuant to FED. R. CIV. P. 12(b).  Plaintiff filed a statement on October 20, 2006, indicating that she relies on the union contract in support of her claims and that she did not request that the motion to dismiss be converted.

If a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Here, since Plaintiff contends that the union contract is a part of her claims and the contract was not attached to the complaint, I find that Defendant properly attached a copy of that contract to its motion. Accordingly, the motion to dismiss does not need to be converted into a summary judgment motion.      Dated: November 15, 2006

                                    BY THE COURT:

                                    s/ Wiley Y. Daniel
                                    Wiley Y. Daniel
                                    U. S. District Judge