IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00953-WYD-BNB

MARIKA KURZENBERGER,

    Plaintiff,

v.

THE CITY OF TRINIDAD;
JAMES SOLTIS, Individually and in His Official Capacity;
CHARLES GLORIOSO, Individually and in His Official Capacity;
NICK PLATIAS;
DOUG PACHELLI; and
JOHN MASSAROTTI,

    Defendants.

## AMENDED ORDER

THIS MATTER is before the Court on a review of Defendant of Trinidad's Motion to Dismiss and related pleadings. Defendant Trinidad's Reply in Support of its Motion to Dismiss [#109] attaches evidence outside the pleadings; namely, a notice to the City of Trinidad. Pursuant to Rule 12(b), if a court does not exclude the matters presented that are outside the pleadings, a motion to dismiss pursuant to Rule 12(b)(6) shall be treated as a motion for summary judgment. FED. R. CIV. P. 12(b); *see also Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir. 1995).

If a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to

be considered on a motion to dismiss. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). This does not require conversion of the motion to a motion for summary judgment. *Id.* Here, however, I am unable to determine whether the notice is referred to in the complaint and is central to Plaintiff's claims. Accordingly, it is

ORDERED that both Plaintiff and Defendant shall submit a pleading on or before **Friday, December 15, 2006**, stating their respective positions as to whether Defendant Trinidad's motion to dismiss should be converted to a motion for summary judgment pursuant to FED. R. CIV. P. 12(b).

Dated: December 11, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge