IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00953-WYD-BNB

MARIKA KURZENBERGER,

    Plaintiff,

v.

THE CITY OF TRINIDAD;
JAMES SOLTIS, Individually and in His Official Capacity;
CHARLES GLORIOSO, Individually and in His Official Capacity;
NICK PLATIAS;
DOUG PACHELLI; and
JOHN MASSAROTTI,

    Defendants.

## ORDER

THIS MATTER is before the Court in connection with Defendant City of Trinidad's' Motion to Dismiss Plaintiff's Eighth Claim for Relief of Plaintiff's Second Amended Complaint (filed October 23, 2006).  That Motion attaches evidence outside the pleadings; namely, a Notice to the City of Trinidad.  By Order dated December 11, 2006, Plaintiff and Defendant were ordered to file pleadings stating their positions as to whether this Motion to Dismiss should be converted to a motion for summary judgment pursuant to FED. R. CIV. P. 12(b).  Defendant filed a statement on December 15, 2006, asserting that the document attached to Defendant's reply was central to Plaintiff's claims.  Plaintiff filed a statement on December 15, 2006, agreeing that she relies on the union contract in support of her claims and indicating that she did not request the

Motion to Dismiss be converted.

If a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  Here, since Plaintiff contends that the Notice is a part of her claims and the Notice was not attached to the Complaint, I find that Defendant properly attached a copy of that Notice to its Motion. Accordingly, the Motion to Dismiss does not need to be converted into a Summary Judgment Motion.

Dated:  December 19, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge